# Document 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
NO. 05-CV-0134

ABIMAEL MANSO-DIAZ,          :
                                  :

            Plaintiff,       :        **DECLARATION OF**

   - v -                  :        **JOYCE HORIKAWA**
                                    :

JAMES SHERMAN,           :
                                    :

            Defendant.     :

I, Joyce M. Horikawa, make the following declaration under penalty of perjury:

1. I am a Senior Attorney Advisor employed by the United States Department of Justice, Federal Bureau of Prisons, at the Northeast Regional Office, in Philadelphia, Pennsylvania. I have been employed in this capacity since approximately April 8, 2001. Pursuant to my official duties, I have access to records maintained in the ordinary course of business at the Federal Bureau of Prisons Northeast Regional Office, including all records reflecting an inmate's attempts to seek and exhaust administrative remedies under the Administrative Remedy Procedure for Inmates, 28 C.F.R. § 542.10 et seq.

2. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's

response. See 28 C.F.R. §§ 542.14 and 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.

3. In the ordinary course of business, computerized indexes of all administrative requests and appeals filed by inmates are maintained in the Bureau of Prisons computerized data base so that rapid verification may be made as to whether an inmate has exhausted the administrative remedy process on a particular issue.

4. On or about May 2, 2005, in connection with the above-captioned litigation, I accessed the computerized indexes of all administrative remedies filed by inmate Abimael Manso-Diaz, Register Number 09105-055, the Plaintiff in the above-captioned case, to determine whether he attempted to exhaust the highest level of administrative appeal on the issues raised in this case.

5. Following a search of the indexes of all administrative remedies filed by Plaintiff, I determined he had not exhausted his available administrative remedies on any issue connected with Incident Report Number 1199142, and/or any issue connected with his medical treatment while he was incarcerated at FCI McKean, and/or the use of hand restraints applied behind the back, and/or the conditions of the Special Housing Unit (SHU) at FCI McKean during his placement in Administrative Detention (AD) from March 7, through March 9, 2004. Specifically, the administrative remedy index indicates that at no time while he was in Bureau of Prisons custody, did the Plaintiff file any requests for administrative remedy or administrative remedy appeals, either with a Bureau of Prisons Regional Office or with the Bureau of Prisons Central Office.

6. Attached hereto, please find true and correct copies of the following documents which

are maintained in the ordinary course of business in the Bureau of Prisons computerized

database:

    a.    Public Information Data Sheet for inmate Abimael Manso-Diaz, Register Number 09105-055; and

    b.    Inmate Quarters History of inmate Abimael Manso-Diaz.

        I declare the foregoing is true and correct to the best of my knowledge and belief, and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 7rd day of May, 2005.

Joyce M. Horikawa
Senior Attorney Advisor
Federal Bureau of Prisons
Northeast Regional Office
Philadelphia, PA