UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

ABIMAEL MANSO-DIAZ

                         Plaintiff

                                                    NOTICE OF CROSS-MOTION
                                                    **CIVIL ACTION NO. 05-192E**
v.                                                  JUDGE McLAUGHLIN

JAMES F. SHERMAN, WARDEN
McKEAN FEDERAL CORRECTION INSTITUTION
                         Defendant

---

    Plaintiff hereby cross-moves this court pursuant to FRCP 15 seeking leave granting

permission to file and serve an amended complaint; plaintiff also submits this declaration and

exhibits in response to defendant's motion herein.

Dated:        October 31, 2005
              Buffalo, NY
                                            Yours etc.,
                                            SHATKIN & SHATKIN
                                       By
                                            MARC SHATKIN, ESQ.
                                            Attorneys for plaintiff
                                            434 Delaware Avenue
                                            Buffalo, New York 14202
                                            716-842-0550

TO:      UNITED STATES ATTORNEY
         Attorneys for defendants
         700 Grant Street, Suite 4000
         Pittsburgh, Pennsylvania 15219

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

_____

ABIMAEL MANSO-DIAZ

                   Plaintiff

                                      **CIVIL ACTION NO. 05-192E**

v.                                       JUDGE McLAUGHLIN

JAMES F. SHERMAN, WARDEN
McKEAN FEDERAL CORRECTION INSTITUTION
                   Defendant

_____

## DECLARATION OF MARC SHATKIN IN RESPONSE TO DEFENDANT'S MOTION

      Marc Shatkin, Esq, hereby declare and states as follows:

1.      I am an attorney duly licensed to practice law in the United States District Court, Western District of New York, am attorney for plaintiff herein and submit this declaration in response to defendant's motion to compel, and in support of her cross-motion to compel.  Please note that my application to be admitted *Pro hac vice* in the Western District of Pennsylvania is being submitted simultaneously with these responding papers.

2.      Rather than provide the court with a complete statement of what plaintiff believes the facts are regarding this claim, discrepancies with defendants' version will be addressed when it pertains to plaintiff's arguments(s).

## BIVENS CLAIM/AMENDED COMPLAINT

3.      While plaintiff concedes that there is no claim of violation of state law by the Warden, and McKean is a Federal prison, 42 U.S.C. 1983 would not be applicable.

4.     However the court may construe the Section 1983 claim as a **BIVENS** claim.

**BARR v. ABRAMS**, 810 F2d 358 (2nd Circ. 1987); See also **DALOIA v. ROSE**, 849 F. 2d  74 (2nd Circ) cert den. 488 US 898.  A **BIVENS** claim permits victims to seek damages against federal official(s) for their constitutional violations in the absence of a specific statute, naming that federal officer as defendant.  See **CARLSON v. GREEN,** 446 U.S. 14 (1980).

5.     Should the court not convert the complaint to a **Bivens** complaint on its own motion, plaintiff seeks permission to file an amended complaint pursuant to FRCP 15(a), which permission should be liberally granted pursuant to statute.  Annexed hereto as Exhibit A is a proposed amended complaint.

6.     Plaintiff is not seeking to add parties, change dates, or alter the basic underlying theory of liability; rather plaintiff  merely amends the declared source of the subject matter jurisdiction, and there would be no prejudice to defendant.

7.     Thus it is requested that the court, either through its own motion of converting the 42 U.S.C. 1983 case to a **BIVENS** claim, or by granting plaintiff leave to file and serve an amended complaint, and/or permit the cause of action seeking damages against the federal official for the constitutional violations against plaintiff to survive.

### 18 U.S.C. 4042 DOES CREATE CAUSE OF ACTION

8.     Defendant asserts that 18 U.S.C. 4042, Duties of The Bureau of Prisons, does not create a private cause of action.  Case law indicates otherwise. .

9.     In particular 18 U.S.C. 4042(a)(2)mandates that the Bureau "provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons

charged with or convicted of offenses against the United States, or held as witnesses or otherwise".

10.    That duty was recognized as a private cause of action in **JONES v UNITED STATES**, 91 F. 3d 623 (3rd Circ 1996), holding that prison official(s) do owe a duty of care to prisoners under 18 U.S.C. 4042, and in that case precluded a summary judgement motion by defendant.

11.    Herein, if the prison official(s) maliciously, negligently or recklessly ignored the Warden's directives regarding plaintiff's bedding needs due to his special needs, there is clearly a question of fact whether the prison's duty of care to the plaintiff was breached (See plaintiff declaration, defendant's exhibit 2A- intake summary and Document 2A p.39 as well as 28 CFR 541- SHU conditions); it is also noted that the facility was aware of plaintiff's multiple disabilities due to a prior period of incarceration there. It is also noted plaintiff claims **no** mattress during his stint in SHU, not a floor mattress, in violation of the <u>Warden's</u> directive and creating a question of fact as to defendants violation.

## PLAINTIFF EXHAUSTED ADMINISTRATIVE REMEDIES

12.    Annexed as Exhibit B is a copy of the original claim filed by plaintiff *pro se* against the prison; annexed as Exhibit C is the letter from the Department of Justice advising plaintiff he had exhausted his administrative remedies.

13.    Defendant in this matter argues that the claim should have been properly filed under 28 CFR 542.10 et seq., and thus plaintiff has not exhausted his administrative remedies as the claim was allegedly filed under the Federal

Tort Claims Act 28 U.S.C. 2672

14.     However, defendant disregards that plaintiff was provided with the claim

form annexed hereto as Exhibit B after reporting this incident; under 28 CFR

542.11, the prison facility is mandated  to have a procedure for receiving

these claims.   In this matter, defendant is using its own failure to follow the

federal regulation guidelines as a sword seeking dismissal.

15.     It was the claim form annexed as Exhibit B that the facility provided to

plaintiff in response to his notice to them; annexed as Exhibit C was

defendant's ultimate response thereto. It was in fact defendant's own doing

in treating the claim as a Federal Tort Claims Act claim, and not a claim

under 42 U.S.C. 1997 as it was mandated to do under 28 CFR Part 542..

This is not a situation where plaintiff has failed to file an administrative

claim thus precluding federal suit, but rather a case where a *pro se* inmate

communicated a claim, and it was handled improperly by defendant in

violation of 28 CFR 542.11.

16.     In any event, since plaintiff was released from McKean prior to

commencement of this suit, the requirement to exhaust administrative

remedies was not applicable. **GRIEG v. GOORD**, 169 F.3d 165 (2nd Circ.

1999)

## PLEADING WARDEN'S ACTS

17.     The complaint at issue alleges specific acts to make out a prima facie case

under both the statutory provision, 18 USC 4042 as well as the **BIVENS** and

negligence claim.

18.     As set forth in plaintiff's intake records (defendant's exhibit 2A), defendant was well aware of plaintiff's multiple disabilities, medications and special needs. This was also plaintiff's second stay at the facility (See declaration of plaintiff).

19.     The warden is charged with the ultimate responsibility for the facility and its staff. Not only was the warden and facility aware of plaintiff's disabilities and special needs at intake and due to his prior stay, but the Warden became personally involved with plaintiff's special bedding/mattress needs.  See Defendant's Exhibit 2a p .13, and Declaration of Dennis Olson MD, p. 3 Paragraph f; and declaration of plaintiff.

20.     Once the warden took the affirmative step to get personally involved with plaintiff's special needs he had a continuing obligation to ensure his directives were followed.

21.     Once the warden personally directed the employees regarding the bedding/mattress issue, this direction certainly creates the "personal involvement" that defendant argues did not exist. See **McCANN v. COUGHLIN**, 698 F.2d 121 (2nd Circ 1983); **US v. OSWALD**, 510 F.2d 583, **WILLIAMS v. SMITH** 781 F.2d 319, providing various scenarios of personal involvement.

22.     Personal involvement is usually a question of fact and thus summary judgement is in appropriate.  **WILLIAMS v. SMITH** 781 F.2d 319, FRCP 56(c).

## EIGHTH AMENDMENT VIOLATIONS

23.   Defendant oversimplifies plaintiff's claims of his violation of rights. In fact defendant's conduct involves a three act/event violation by defendant.

24.   Plaintiff presented to the facility with multiple disabilities and special needs; After the Warden personally intervened January 26, 2004 regarding providing for plaintiff's special needs, defendants' conduct thereafter amounted to Eight Amendment violation(s) by 1) disregarding plaintiff's medical diagnoses and limitations and using excessive force in addressing plaintiff's alleged conduct of failing to get out of bed and handcuffing him behind his back, and 2) thereafter forcing him to sleep on a concrete floor for 2 days in direct contradiction to Warden's directive (see plaintiff declaration), and 3) then failing to attend to his new medical and continued special needs as a result of the first two instances of misconduct.

25.   When plaintiff presented to the facility for intake, he was diagnosed with, among other things, Cerebral Palsy, Scoliosis, adjustment disorder, chronic pain and asthma and prescribed various medication (See Olson Declaration) as well as instructions regarding his bedding.

26.   He also continued to complain of pain thereafter, and prior to the 3/7/04 incident. His posture and inability to ambulate would be clearly observable to the guards at such facility and their physical restraint with handcuffs placed behind plaintiff's back creates a question of fact as to whether that conduct would be construed as cruel and inhuman.

27.   The medical records submitted by defendant provide that after his release

from SHU in March, he presented to the medical staff as an emergency (Defendant's 2A, p. 14) with complaints of pain and <u>no</u> medication. He was given a sling, prescription for double mattress and given pain medication again. His limbs had <u>atrophied and had distorted posture</u> as a result of defendant's conduct (see OLSON DECLARATION p. 4 paragraph I).

28.  Defendant responded by placing plaintiff in  10 man cell where he was force I to sleep on a <u>metal cot</u> in violation of its own directive exacerbating the conditions already worsened by defendant's force and confinement as set forth above.

29.  It is submitted that the course of conduct as set forth above by defendant towards plaintiff raises questions of fact as to the propriety of its actions.

**<u>COMPLAINT DOES NOT SOUND IN MEDICAL MALPRACTICE</u>**

30.  The law differentiates between claims sounding in medical malpractice and those claiming a failure to provide medical treatment or indifference to medical needs.  If there is no medical treatment at all, it is not necessary to show a deviation from good and acceptable medical standards. See **JONES v. USA**, 91 F.3d 23 (3rd Circ. 1996); **ROUSE v. PLANTIER,** 183 F.3d 208 (3rd Circ 1999); See also **SCONIERS v. JARVIS**, 458 F.Supp 37.

31.  Once plaintiff was released from SHU and he presented with "his limbs atrophied" and complained of severe pain and numbness in extremities, defendant had an obligation to provide treatment, but instead placed him in a 10 person cell with no mattress, and confiscated his pain medications. This showed a cruel and inhuman disregard that does not sound in medical

malpractice.

WHEREFORE  it is respectfully requested that defendant's motion be denied in its

entirety and/or plaintiff's cross-motion be granted together with such other and further relief as

the court deems appropriate.

Dated:    October 31, 2005

MARC SHATKIN, ESQ.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

ABIMAEL MANSO-DIAZ

                          Plaintiff

                          **CIVIL ACTION NO.  05-192E**
v.                          JUDGE McLAUGHLIN

JAMES F. SHERMAN, WARDEN
McKEAN FEDERAL CORRECTION INSTITUTION
                          Defendant

## DECLARATION OF ABIMAEL MANSO-DIAZ

Abimael Manso-Diaz, Esq, hereby declare and states as follows:

1.    I am the plaintiff in this proceeding and submit this declaration in opposition to the summary judgement motion/motion to dismiss of defendants.

2.    When I entered the facility in December 2003 my various disabilities including Cerebral Palsy and Scoliosis were documented to the facility and are readily visible by my physical appearance, gait and posture. Additionally I had been an inmate at the facility on a previous occasion and my special needs and medications were addressed during that period.

3.    After I entered the facility,  my medications were altered and the side effects of the new medications caused severe drowsiness.

4.    On 3/7/04, I did not wake for the 4pm count and despite my explanation was ordered to SHU; I in no way physically resisted and requested that any handcuffs only be placed in front due to my condition. The guards ignored this,  physically manhandled me and cuffed me in the rear despite request not to.

5.      In SHU I was forced to sleep on the floor with **no** mattress for two days

despite my advisement of my disabilities and request for a mattress.

6.      After complaints of severe pain after my release from SHU, I was placed in a

10 person non-handicap accessible cell with a metal cot and no mattress.

7.      My complaints to staff were ignored and my pain in my shoulder, neck, back,

and leg worsened and were not addressed and continue to date.

I declare under the penalties of perjury that the foregoing is true and correct to the best of my

knowledge.

Executed this 8th day of September 2005

_____

ABIMAEL MANSO-DIAZ

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct and copy of the within NOTICE OF CROSS-

MOTION AND RESPONDING PAPERS was served by ordinary mail, by placing the same in a

pre-paid envelope under the exclusive care of the United States Post office addressed to:

United States Attorney
Michael C. Colville, Esq
Western District of Pennsylvania
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219

Dated:     November 9, 2005

MARC SHATKIN, ESQ.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABIMAEL MANSO-DIAZ
444 Fargo
Buffalo, NY 14213

       Plaintiff

v.

JAMES F. SHERMAN, WARDEN and
McKEAN FEDERAL CORRECTION INSTITUTION
P.O. Box 5000
Bradford, PA 16701

      Defendants

**AMENDED COMPLAINT**
Docket#

---

1. Jurisdiction of this court is invoked pursuant to 18 USC 4042, Eighth Amendment and diversity jurisdiction as well as the substantive rights of the plaintiff created under the Constitution of the United States.

2. On or about December 16, 2003 plaintiff was placed in McKean Correctional pursuant to a sentence of the Federal Courts and was released on May 11, 2004; said facility is charged with certain duties to its prisoners pursuant to 18 USC.4042 as well as the constitution and common law principles.

3. Defendant James F. Sherman is the warden of McKean Federal Correctional Facility, and as such is charged with the responsibility for the care and management of the prisoners confined to such facility as well as the oversight and direction of the employees of said facility.

4. Upon intake to the defendant facility, plaintiff presented with "multiple medical problems and disabilities" including Cerebral Palsy, Scoliosis, Asthma, and Adjustment Disorder as well as indications of prescription medications.

care required for the injuries caused by defendant , was maliciously and sadistically forced to sleep on concrete flooring causing further damage and injury as set forth below.

### FOR A FIRST SEPARATE AND DISTINCT CAUSE OF ACTION

11.    Repeats and re-alleges paragraphs 1-10.

12.    Defendants, jointly or severally, by the conduct alleged above, failed to meet the medical and special needs and assistance of a disabled prisoner in order to permit a minimally decent standard of living in violation of his 8th Amendment constitutional rights as well as 18 U.S.C. 4042, and as result thereof, plaintiff has been damaged in the amount of $150,000.

### FOR A SECOND SEPARATE AND DISTINCT CAUSE OF ACTION

13.    Repeats and re-alleges paragraphs 1-10.

14.    Defendant, after actual and constructive notice of plaintiff's disabilities and physical limitations, negligently, wantonly and in a cruel and inhuman manner, improperly handcuffed plaintiff behind his back when no force was appropriate or called for, injuring plaintiff and thereafter failing to provide proper medical treatment and other care, causing injuries and damages to plaintiff in the amount of $250,000.

WHEREFORE, plaintiff requests judgement against defendant as follows:

1.    On the first cause of action in the amount of $150,000.

2.    On the second cause of action in the amount of $250,000.

3.    Together with attorneys fees and the costs and disbursements of this action.

Dated: October 27, 2005

Yours etc.,

SHATKIN & SHATKIN
Attorneys for plaintiff
434 Delaware Avenue
Buffalo, New York 14202
716-842-05550

**EXHIBIT B**

RECEIVED
3/12/04

SF 95 (face)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>Federal Bureau of Prisons – NERO<br>U.S. Customs House, 7th Floor<br>2nd & Chestnut Streets<br>Philadelphia, PA. 16701-0980 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and ZIP Code)<br>A: Manso-Diaz, # 09105-055, FCI McKean<br>Post Office Box 8000, Bradford, PA. 16701-0980 |
|---|---|

| 3. TYPE OF EMPLOYMENT N/A | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN | 11/25/66 | married | est. 3/7/04 and on | est. 16:00 and on |

8. Basis of Claim (State in detail the known the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.) see attached

---

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and ZIP Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on the reverse side.)
N/A

---

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See attached

---

11. **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and ZIP Code |
|---|---|
| N/A | |

---

12. (See instructions on reverse)  AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $10,000,000.00 | N/A | $10,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on revere side.) | 13b. Phone Number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *[signature]* | None | 3/21/04 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

(This form may be replicated via WP)

β

CONTINUATION STANDARD FORM 95                                    21 MAR 04
MANSO-DIAZ, A. 09105-055, FCI MCK, UNIT AA

CONTINUATION BLOCK 8 & 10:

On March 7, 2004 at approximately 16:00, I was handcuffed and taken to the
SHU by BOP personnel. I presently suffer from CEREBRAL PALSY and SCOLIOSIS,
and this disability is readily recognizable as well as well documented. During
my placement in the SHU, BOP personnel treated me in an arbitrary, capricious,
and erroneous manner. They were negligent towards my serious medical needs.
Staff forcefully twisted my disabled arm in order to handcuff me behind my
back, causing painful and possibly permanent injuries to my lower back, left
neck, and left scapula. This was done in a negligent manner by staff, notwithstanding
my repeated requests to staff that they handcuff me in front, rather in the
back, due to my disabilities.

On March 7, 2004, I was sleeping when they called 4 PM count. This
was due to the battery of prescribed medication which causes sleepyness. This
medication is necessary due to my illness. These medications also cause dizziness.

Upon being taken to the Lieutenant's Office by staff, I was ordered
to be taken to the SHU by Lt. Roy. At that time, I once again requested Lt.
Roy, due to my serious illness and disabilities, that I be handcuffed in the
front, rather than the back. Lt. Roy responded, "who do you think you are
to demand that you be cuffed to the front? You are just an inmate. I don't
(expletive deleted) care about what you are suffering from! Welcome to McKean!"
At that time, escorting officers twisted my arm out of place and caused injuries.

Upon arriving in the SHU, I once again advised officers of my severe
disabilities, and advised them, once again, that these are well documented
in my medical and BOP files. they expressed indifference towards my requests.
In the SHU I was forced to sleep on the floor.

Upon my release from the SHU back to Unit AA, I was once again forced
to sleep on a metal bunk, without a mattress, and transfered from a handicaped
cell into a multi-person dorm which was not handicapped accessable.

The negligence by BOP staff caused extreme pain and suffering, and possibly
diblitating injuries.

Prisoners with disabilities (or, handicaps) are protected both by the
Constitution and federal statutes. Under the Constitution, prison officials
must meet the medical needs of disabled prisoners and furnish the assistance
that they require in order to live a minimally decent life in prison. As one
court put it, "the prison authorities must take the prisoner as they find
him and provide facilities compatible with his physical condition that meet
civilized standards to decency." In re Coca, 149 Cal.Rptr. 465, 47-71 (1978);
see also Cameron v. Tomes, 990 F.2d 14, 21 (1st Cir. 1993). This was not done
in the instant case. My treatment also violated the Americans with Disabilities
Act of 1990 (ADA), 42 U.S.C. § 12101 et seq; 28 CFR § 35.190. It also violates
thr Rehabilitation Act. 29 U.S.C. § 706(7)(B); School Bd. of Nassau County
v. Arline, 480 U.S. 273, 282-86 (1987).

It is clear from the facts of this case that staff were negligent towards
my serious medical needs and that they acted maliciously, sadistically, and
wantonly, and therefore forms a basis for a claim under the FTCA. Whitley
v. Albers, 475 U.S. 312, 320-21, and 22 (1986).

**EXHIBIT C**



U.S. Department of Justice

Federal Bureau of Prisons
*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

*U.S. Custom House - 7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

September 15, 2004

Marc Shatkin, Attorney                          SEP 2 1 2004
135 W. Tupper Street
Buffalo, New York 14201

RE: Administrative Tort Claim No. TRT-NER-2004-02561
    On Behalf of Abimael Manso-Diaz, Reg. No. 09105-055

Dear Mr. Shatkin:

This is in response to the Administrative Tort Claim, No.
TRT-NER-2004-02561, filed on behalf of Abimael Manso-Diaz.  It
was received by this agency on March 26, 2004, and is being
considered for settlement as provided by the Federal Tort Claims
Act (FTCA) 28 U.S.C. § 2672, under authority delegated to me by
28 C.F.R. § 543.30.  Your client seeks compensatory damages in
the amount of $10,000,000.00 for an alleged personal injury.
Specifically, he claims staff at the Federal Correctional
Institution (FCI), McKean, Pennsylvania, failed to provide
appropriate treatment to him as a handicapped individual, causing
him extreme pain, suffering and possibly debilitating injuries.

After careful review of your claim, I have decided not to offer a
settlement.  Investigation reveals your client arrived at FCI
McKean on December 16, 2003, with a medical history of cerebral
palsy, scoliosis, reflux disease, asthma and an adjustment
disorder.  On March 7, 2004, he was one of several inmates who
were being disruptive in the housing unit by failing to stand
count, becoming insolent toward staff and refusing to obey staff
orders.  When being placed in restraints for escort to the
Special Housing Unit, your client did not advise staff of his
medical condition which may have prevented staff from applying
cuffs from the rear.  After his placement in the SHU, your client
was assigned to a cell floor with a mattress, due to temporary
overcrowded conditions.  Your client was removed from the SHU on
March 9, 2004, and returned to a cell for disabled inmates.
However, after he was seen by the Unit Discipline Committee (UDC)
for his misconduct on March 7, 2004, your client was sanctioned
to the loss of a two-man room for a period of 180 days.
Accordingly, he was moved to a ten-man cell.  The medical record
indicates your client was examined on March 11, 2004, after he
complained of pain secondary to being placed in the SHU.  No
injuries or permanent damages were noted at that time.  Your
client's condition does not prevent him from being restrained

Marc Shatkin, Attorney
On Behalf of Abimael Manso-Diaz, Reg. No. 09105-055
Claim No. TRT-NER-2004-02561
Page Two


from behind.   There is no evidence to suggest your client
suffered any type of injury as the result of negligence on the
part of any Bureau of Prisons' employee.

Accordingly, your claim is denied.   If you are dissatisfied with
this decision, you may seek reconsideration from this office or
bring an action against the United States in an appropriate
United States District Court within six (6) months of the date of
this letter.

Sincerely,


Henry J. Sadowski
Regional Counsel

cc: James F. Sherman, Warden, FCI McKean

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

ABIMAEL MANSO-DIAZ

                                Plaintiff

                                **CIVIL ACTION NO. 05-192E**
v.                               **CERTIFICATE OF SERVICE**

JAMES F. SHERMAN, WARDEN
McKEAN FEDERAL CORRECTION INSTITUTION
                              Defendant

        I hereby certify that a true and correct and copy of the within NOTICE OF CROSS-MOTION and RESPONDING PAPERS was served by ordinary mail, by placing the same in a pre-paid envelope under the exclusive care of the United States Post office addressed to:

        United States Attorney
        Michael C. Colville, Esq
        Western District of Pennsylvania
        700 Grant Street, Suite 4000
        Pittsburgh, Pennsylvania 15219

Dated:    November 9, 2005

                                MARC SHATKIN, ESQ.
                                SHATKIN & SHATKIN
                                Attorneys for plaintiff
                                434 Delaware Avenue
                                Buffalo, New York 14202
                                716-842-0550