IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABIMAEL MANSO-DIAZ,       )
      Plaintiff          )
                        )      **C.A. 05-192 Erie**
      v.                )      **District Judge McLaughlin**
                        )      **Magistrate Judge Baxter**
JAMES SHERMAN, Warden,   )
      Defendant.       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Defendant's motion to dismiss or, in the alternative motion for summary judgment [Document #10], be granted.

### II.     REPORT

On February 28, 2005, Plaintiff Abimael Manso-Diaz, an individual formerly incarcerated at the Federal Correctional Institution at McKean, Pennsylvania ("FCI-McKean"), filed this civil rights action pursuant to the authority granted by the United States Supreme Court in Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff originally filed this case in the United States District Court for the Western District of New York, and the case was subsequently removed to this Court on or about June 20, 2005. Named as Defendant is James Sherman, Warden at FCI-McKean.

Plaintiff alleges that Defendant "failed to meet the medical and other special needs and assistance of a disabled prisoner in order to permit a minimally decent standard of living in violation of his 8th amendment rights as well as 18 USC Sec 4042" and "improperly handcuffed plaintiff behind his back when no force was called for injuring plaintiff, failed to provide proper

---

[1]

Although Plaintiff purports to state a claim under 42 U.S.C. § 1983 against the Defendant, the Defendant is a federal, not a state, actor. As a result, § 1983 is inapplicable to Defendant and Plaintiff's claims are more properly construed as arising under Bivens. See District of Columbia v. Carter, 409 U.S. 418, 423-425 (1973).

medical treatment injuries and damages [sic]." (Complaint at ¶¶ 11, 13). As a result of these claims, Plaintiff seeks monetary damages.

Defendant has filed a motion to dismiss, or in the alternative, motion for summary judgment arguing, inter alia, that: (i) 18 U.S.C. § 4042 does not create a private right of action; (ii) Plaintiff failed to properly exhaust his administrative remedies; (ii) Defendant was not personally involved in the alleged unconstitutional conduct; (iv) Plaintiff's claim of medical mistreatment does not rise to the level of a constitutional violation; and (v) Defendant is entitled to qualified immunity. (Document # 11, Defendant's Memorandum of Law). Plaintiff has filed a response to Defendant's motion arguing that: (i) 18 U.S.C. § 4042 does create a private cause of action; (ii) he should be excused from exhausting his administrative remedies because he was provided the wrong claim form by the Defendant and/or he was released from prison before instituting this lawsuit; (iii) he alleged sufficient facts to support his constitutional claims against Defendant; and (iii) he alleged sufficient facts to state an Eighth Amendment claim of medical mistreatment. (Document #16, Plaintiff's Response). This matter is now ripe for consideration.

### A.      Factual History

Plaintiff was an inmate at FCI-McKean from December 16, 2003, to May 11, 2004. (Document # 16, Plaintiff's Response, Exhibit C; Document # 11, Defendant's Memorandum of Law, Exhibit 1a ).[2] Upon Plaintiff's arrival at FCI-McKean, an intake medical history report was prepared, indicating that Plaintiff had a prior medical history of cerebral palsy, asthma, scoliosis, Gastroesophageal Reflux Disease ("GERD"), and adjustment disorder. It was also noted that Plaintiff needed to be assigned to a bottom bunk. (Declaration of Dennis Olson, M.D., attached to Document # 11, Defendant's Memorandum of Law as Exhibit 2 ("Olson Declaration"), at ¶3b).

---

[2]

Plaintiff also notes that he was previously confined at FCI-McKean for a three-month period in 1998. (See Complaint at ¶ 5).

On or about March 7, 2004, Plaintiff failed to get out of his bed and stand for the 4:00 p.m. count. (Complaint at ¶ 8; Document # 11, Defendant's Memorandum of Law, at p. 8). Despite being ordered twice to stand for the count, Plaintiff failed to do so.  As a result, Plaintiff alleges that he was "forcibly woken, manhandled, ordered to the Special Housing Unit (SHU) contrary to prison rules, and cuffed recklessly and negligently with his arms behind his back despite warnings to the contrary...." (Complaint at ¶ 8).  Plaintiff alleges further that he "was confined to SHU for a period of 3 days without medical care, was maliciously and sadistically forced to sleep on the floor and was not provided proper medical treatment...." (Complaint at ¶ 9).

On or about March 21, 2004, Plaintiff filed a claim under the Federal Tort Claims Act ("FTCA") with the Federal Bureau of Prisons ("BOP") claiming that, by handcuffing him behind his back and forcing him to sleep on the floor for three days in the SHU, BOP staff was "negligent towards [his] serious medical needs" and "acted maliciously, sadistically, and wantonly...." (Complaint, Exhibit B at p. 2).  Plaintiff's administrative tort claim was denied by the BOP on September 15, 2004. (Complaint, Exhibit C).  Plaintiff was released from his incarceration at FCI-McKean on May 11, 2004.

### B.    Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  The issue is not whether the plaintiff will prevail at the end but whether he

should be entitled to offer evidence in support of his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974).  However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz.

Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact.  See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997).  The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a

4

genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986);

Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-

movant must present affirmative evidence - more than a scintilla but less than a preponderance -

which supports each element of his claim to defeat a properly presented motion for summary

judgment).  The non-moving party must go beyond the pleadings and show specific facts by

affidavit or by information contained in the filed documents (i.e., depositions, answers to

interrogatories and admissions) to meet his burden of proving elements essential to his claim.

Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under

applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court

must resolve any doubts as to the existence of genuine issues of fact against the party moving

for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon

bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v.

DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the

dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury

could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.


### C.      Exhaustion Requirement

Defendant argues that this case should be dismissed because Plaintiff has failed to

exhaust his administrative remedies in accordance with the Prison Litigation Reform Act.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of
> this title ... by a prisoner confined in any jail, prisons, or other correctional
> facility until such administrative remedies as are available are exhausted.

Id.

The requirements that an inmate exhaust administrative remedies applies to all inmate

suits regarding prison life, including those that involve general circumstances as well as

particular episodes. Porter v. Nussle, 534 U.S. 516 (2002).  See also Concepcion v. Morton,

306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative

exhaustion must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S.

140, 144 (1992).  Thus, federal courts are barred from hearing a claim if a plaintiff has failed to

exhaust all the available remedies.  Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL

2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3]   A plaintiff need not affirmatively

plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly

presented by a defendant.  Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no

provision of the PLRA requires pleading exhaustion with particularity," while construing the

PLRA requirements in light of the recent Supreme Court decision in Swierkiewicz v. Sorema,

N.A., 534 U.S. 506 (2002)).

The exhaustion requirement is not a technicality, rather it is federal law which federal

district courts are required to follow.  Nyhuis, 204 F.3d at 73 (by using language "no action shall

be brought," Congress has "clearly required exhaustion").  There is no "futility" exception to the

administrative exhaustion requirement.  Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002)

citing Nyhuis, 204 F.3d at 78.

### D.    The Procedural Default Component

The United States Court of Appeals for the Third Circuit has explicitly held that the

exhaustion requirement of the PLRA includes a procedural default component, by analogizing it

to the exhaustion doctrine (with its corollary procedural default component) in the habeas

context.  Spruill v. Gillis,  372 F.3d 218, 228-229 (3d Cir. June 18, 2004).[4]  The Circuit

---

3

Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction.  Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

4

There is an emerging split of authority among the Circuits on this issue.  Compare  Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and  Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

explained:

> We believe that Congress's policy objectives will be served by interpreting §
> 1997e(a)'s exhaustion requirement to include a procedural default component.
> Based on our earlier discussion of the PLRA's legislative history, [...] Congress
> seems to have had three interrelated objectives relevant to our inquiry here: (1) to
> return control of the inmate grievance process to prison administrators; (2) to
> encourage development of an administrative record, and perhaps settlements,
> within the inmate grievance process; and (3) to reduce the burden on the federal
> courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is
> better served by interpreting § 1997e(a)'s exhaustion language to include a
> procedural default component than by interpreting it merely to require
> termination of all administrative grievance proceedings.

Id.  Having concluded that the PLRA includes a procedural default component, the Court then

indicated that "prison grievance procedures supply the yardstick for measuring procedural

default." Id. at 231.


###### E.    Exhaustion and Procedural Default applied

No analysis of exhaustion may be made absent an understanding of the administrative

process available to inmates.  The Bureau of Prisons has established a multi-tier system whereby

a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R.

§§ 542.10-542.19 (1997).   First, "an inmate shall ... present an  issue of concern informally to

staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request

for Administrative Remedy." 28 C.F.R. § 542.13(a).  "The deadline for completion of informal

resolution and submission of a formal written Administrative Remedy Request [to the Warden],

on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the

Request occurred." 28 C.F.R. § 542.14(a).   In the event an Administrative Remedy Request is

filed, the warden has twenty (20) days in which to respond.  28 C.F.R. § 542.18.  An inmate

who is not satisfied with the warden's response may submit an appeal, on the appropriate form

(BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the

warden signed the response.  28 C.F.R. § 542.15(a).   An inmate who is not satisfied with the

Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the

General Counsel within thirty (30) calendar days from the date the Regional Director signed the

response.  Id.  The Regional Director has thirty (30) days and the General Counsel has forty (40)

days to respond.  28 C.F.R. § 542.18.

In their motion to dismiss, Defendants claim that Plaintiff has failed to exhaust his administrative remedies on any of the issues raised in his Complaint.  According to the Declaration of Joyce M. Horikawa, Senior Attorney Advisor, United States Department of Justice:

> Following a search of the indexes of all administrative remedies filed by Plaintiff, I determined he had not exhausted his available administrative remedies on any issue ... connected with his medical treatment while he was incarcerated at FCI McKean, and/or the use of hand restraints applied behind the back, and/or the conditions of the Special Housing Unit (SHU) at FCI McKean during his placement in Administrative Detention (AD) from March 7, through March 9, 2004.  Specifically, the administrative remedy index indicates that at no time while he was in Bureau of Prisons custody, did the Plaintiff file any requests for administrative remedy or administrative remedy appeals, either with a Bureau of Prisons Regional Office or with the Bureau of Prisons Central Office.

(Document # 11, Defendant's Memorandum of Law, Exhibit 1 at ¶ 5).

Nevertheless, Plaintiff argues that he exhausted the administrative remedy process because he filed an administrative tort claim with the BOP and subsequently exhausted the tort claim process. (Document # 16, Plaintiff's Response, at ¶ 12).  However, the fact that Plaintiff may have exhausted the administrative tort claim process does not satisfy the exhaustion requirement applicable under the PLRA, which is required to assert constitutional claims against individual BOP employees.  See Hylton v. Federal Bureau of Prisons, 2002 WL 720605, at *2 (E.D.N.Y. Mar. 11, 2002)(finding that "it is entirely possible that [plaintiff] exhausted his administrative remedies for purposes of the FTCA without exhausting remedies pursuant to the PLRA for purposes of filing a Bivens claim" because the plaintiff had failed to exhaust the BOP's four-step grievance procedure); Funches v. Reish, 1998 WL 695904, *7-9 (S.D.N.Y. Oct. 5, 1998)(finding FTCA claim exhaustion did not suffice to exhaust administrative remedy process for a Bivens claim).  Thus, Plaintiff's argument that he exhausted his Bivens claims through the administrative tort claim process is unavailing.

Plaintiff argues further, however, that exhaustion should be excused in this case because (i) BOP staff inappropriately provided him with an administrative tort claim form, rather than the appropriate administrative remedy request form under the PLRA, and (ii) he filed this case

after he had been released from incarceration and, thus, was not a "prisoner" subject to the

PLRA's exhaustion requirements.  Both of these arguments must also fail.  First, Plaintiff's

argument that BOP staff essentially prevented him from exhausting his administrative remedies

by providing him with the improper administrative tort claim form when his claim "should have

been filed under [the PLRA]" appears somewhat disingenuous.  If this claim had any merit, one

would expect to find Plaintiff's Eighth Amendment claims inappropriately set forth in the

administrative tort claim he filed on March 21, 2004.  However, the administrative tort claim

filed by Plaintiff was devoid of any mention of constitutional violations.  In fact, Plaintiff

repeatedly alleged in his claim that BOP staff was "negligent," and concluded that such

negligent conduct "form[ed] a basis for a claim under the FTCA." (Document # 16, Plaintiff's

Response, Exhibit B at p. 2).  Thus, it appears that Plaintiff's original intent was to file an

FTCA claim and that he was provided the proper form on which to do so.

Second, Plaintiff's argument that he was not subject to the PLRA's exhaustion

requirements because he filed this lawsuit after he was released from prison is unavailing.

Although Plaintiff was released from FCI McKean almost a year prior to the commencement of

this case, he was subsequently imprisoned on February 21, 2005, at the Volunteers of America

Community Corrections Center ("CCC") in Rochester, New York, where he served a two

month, twenty day supervised release violator sentence. (Document # 11, Defendant's

Memorandum of Law, Exhibit 1a).  As a result, he was a "prisoner" subject to the PLRA's

exhaustion requirements at the time he initiated this case on February 28, 2005.[5]

Under the PLRA, Plaintiff was required to submit a formal written Administrative

Remedy Request [to the Warden], on the appropriate form (BP-9), within 20 calendar days

following the date on which the basis for the Request occurred.  28 C.F.R. § 542.14(a).  This he

did not do.  Thus, it is apparent that Plaintiff procedurally defaulted on all of his Bivens claims

---

[5]

Under the PLRA, a "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program" 42 U.S.C. § 1997e(h).

and, thus, failed to exhaust his available administrative remedies regarding these claims.  As a result, this Court is barred from hearing Plaintiff's <u>Bivens</u> claims and this case should be dismissed.

### III      CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or, in the alternative for summary judgment [Document #10], should be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

S/Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  January 12, 2006

cc:      The Honorable Sean J. McLaughlin
         United States District Judge