UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

ABIMAEL MANSO-DIAZ

                Plaintiff

                                **OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION**
                                **JUDGE McLAUGHLIN**
                                **CIVIL ACTION NO. 05-192E**

V.

JAMES F. SHERMAN, WARDEN
McKEAN FEDERAL CORRECTION INSTITUTION

                Defendant

---

Plaintiff, through his attorneys, Shatkin & Shatkin, pursuant to 28 USC Sec. 636 and Local rule 72.1.4(B) hereby object to the Report and Recommendation of Magistrate Susan Paradise Baxter dated January 12, 2006.

Dated:      January 27, 2006
              Buffalo, NY

                                      Yours etc.,
                                      SHATKIN & SHATKIN
                          By

                                      MARC SHATKIN, ESQ.
                                      Attorneys for plaintiff
                                      434 Delaware Avenue
                                      Buffalo, New York 14202
                                      716-842-0550

TO:    UNITED STATES ATTORNEY
        Attorneys for defendants
        700 Grant Street, Suite 4000
        Pittsburgh, Pennsylvania 15219

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

---

ABIMAEL MANSO-DIAZ

                Plaintiff

DECLARATION IN SUPPORT
OF OBJECTIONS
**CIVIL ACTION NO. 05-192E**
JUDGE McLAUGHLIN

V.

JAMES F. SHERMAN, WARDEN
McKEAN FEDERAL CORRECTION INSTITUTION
                Defendant

### **DECLARATION OF MARC SHATKIN IN SUPPORT OF OBEJECTIONS**

Marc Shatkin, Esq. hereby declares and states as follows:

1. Pursuant to Local Rule 72.1.4 (B) and 28 USC Sec. 636 (C), plaintiff objects to the following portion(s) of the Magistrate's Report and Recommendation:

    II(C-E) EXHAUSTION and PROCEDURAL DEFAULT-IN PARTICULAR THE APPLICATION TO THE FACTS HEREIN

2. The basis for the objection(s) are set forth in the following analysis.

3. Under Section ( C ), The magistrate sets forth that 42 USC Sec. 1997 requires an exhaustion of administrative remedies in Section 1983 cases. As set forth in plaintiff's responding papers in the underlying motion, he conceded this was not a Sec. 1983 matter, as it is not an action against a State prison but rather a federal institution (See Paragraph 3 of Shatkin Declaration).

4. It is further noted in the Section C of the Magistrate's Report, the **Ray v. Kertes** 285 F3d 287 case is cited. Although that case involved a state and not a federal prison, the appellate court therein overturned the dismissal for failure to exhaust administrative remedies.

5. In **Ray**, the court found under FRCP 56 there were questions of fact whether the inmate exhausted administrative remedies available to him. In that case as well as the instant case, the government submitted a statement that the prison records had been searched and no administrative claim was filed under the PRLA.

6. However, as in **Ray**, Manso-Diaz took affirmative steps, in a *pro se* posture, to do what he believed, and was led to believe by prison authorities, was the proper administrative process in a timely fashion. The PLRA requires the prisoner to exhaust all remedies <u>available</u> not all remedies. See **Ray** and **Brown v. Croak**, 312 F3d 109 (3d Circ 2002) (case remanded where prisoner relied on prison officials who led him to believe he had followed proper procedure).

7. The court's attention is also directed to **Giano v. Goord**, 380 F.3d 670 (2nd Circ. 2004) wherein a prisoner's suit was not barred by failure to exhaust his administrative remedies because it was justified by his belief that he was exhausting any remedies by appealing a disciplinary proceeding. Herein, plaintiff, at the direction of the facility, filed an **administrative** complaint but did so under the Federal Tort Claims Act at the direction of the facility and not under the Bureau of Prisons Administrative Remedy Act 28 CFR 542, ostensibly because he would not have known it existed. See also **Hemhill v. New York**, 380 F.3d 680; **Johnson v. Testman**, 380 F. 3d 691.

8. Not only did the **Bureau of Prisons** process plaintiff's claim, it considered it and finally denied it. The Magistrate asserts (Section E) that since plaintiff's initial administrative *pro se* filing sounded in negligence that it was plaintiff's intention to file a Federal Tort Claims Act.

9. However, it is submitted that the rationale for this argument is erroneous. 28 CFR Sec. 542.10 (a) provides, "The purpose of ..the program..is to allow an inmate to seek formal review of an issue relating to **any aspect** (emphasis provided) of...confinement".

10. 28 CFR 542.10 (c) "Statutorily-Mandated Procedures" provides, "There are statutorily-mandated procedures in place for **tort** claims..": furthermore 28 CFR 542.11 mandates procedures for "receiving, recording, reviewing...." claims.

11. In plaintiff's claim (Exhibit B of Cross-Motion and response to underlying motion) which was processed under the Federal Tort Claims Act (28 CFR Part 14), plaintiff Manso-Diaz alleges conduct of defendant that included, "I presently suffer from Cerebral Palsy and Scoliosis ...During my placement in the SHU, they treated me in an arbitrary, capricious and erroneous manner...forcefully twisted my disabled arm....behind my back..causing" injuries. (Paragraph 1 of attachment)

12. In the complaint in this action, the second cause of action states, "defendant after notice of plaintiff's disabilities..negligently wantonly and in a cruel and manner....handcuffed plaintiff behind his back...injuring plaintiff.."

13. The administrative tort claim filed by plaintiff further describes conduct of defendant. "Upon arriving in SHU, I once again advised of...disabilities...was forced to sleep on the floor...Upon my release from the SHU..forced to sleep on a metal bunk ...staff were negligent towards my medical needs"

14. The complaint states in the First cause of action that defendant failed to meet the medical and other needs of a disabled prisoner.

15. The Magistrate's report does not dismiss the complaint for failing to state a cause

of action, but rather states that the claim was "devoid" of any mention of constitutional violations, not the complaint. Given the similarity of the factual language in the claim and complaint, this "devoid" characterization is inconsistent at best, and it is submitted erroneous and grounds to remand.

16. Furthermore, the Federal Torts Claim Act, 28 CFR 14.2(b) sets forth the responsibilities of the federal agencies upon presentation of a tort claim. "A Claim shall be presented to the Federal agency whose activities gave rise to the claim. If the claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency..."

17. The Supreme Court, **Carlson v. Green**, 446 US 14 (1980) held that a Bivens remedy is also available even where allegations support a suit under the FTCA.

18. The Magistrate has ignored plaintiff's request to file an amended complaint in his cross-motion and add the Correctional Institute in addition to the individual defendant. The suit would then contemplate both the Bivens claim and a claim under the FTCA.

19. In any event, the FTCA clam was filed with the **Bureau of Prisons** within the applicable time limitation under the PLRA. That Act, 42 USC 1997e, mandates exhaustion through the Bureau of Prisons, the very agency that received the administrative claim. As set forth above, and in plaintiff's administrative claim, the conduct alleged regards aspects the prisoner's confinement.

20. The PLRA mandates that **any aspect** of the prisoner's confinement go through this administrative process. Therefore when the Bureau of Prisons received the administrative claim that concerned **aspects** of plaintiff's confinement, the

statutory mandates were followed but for the actual paper form it was submitted on.

21. 28 CFR 542.10(B) sets forth that the Administrative Remedy Program applies to all institutions operated by the Bureau of Prisons. The program further sets forth that this is mandated by statute for tort claims arising out of any aspect of prison confinement, and that each facility must establish procedures for taking in these claims. It was the facility who processed a tort claim concerning aspects of plaintiff's confinement as an FTCA claim, and thus the government is relying on their improper processing and handling as a defense.

22. It is also submitted that the Magistrate's report is erroneous regarding its analysis of whether plaintiff was "confined" ( Section E) at the time the lawsuit was commenced. He was not a prisoner under the same sentence or at the same facility as the confinement giving rise to this suit. Plaintiff submits that once he was released from McKean where the underlying conduct occurred, the provisions of the PLRA no longer applied, and a subsequent confinement would be a non-issue.

23. Lastly, it is submitted that the Magistrate report is erroneous and should be overturned and/or remanded in that it failed to address plaintiff's application to file an amended complaint.

24. For the foregoing reasons, plaintiff objects to the Magistrate's Report and Recommendations pursuant to Local Rule 72.1.4

Dated: January 27, 2006

MARC SHATKIN, ESQ.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct and copy of the within OBJECTIONS TO MAGISTRATE'S REPORT was served by ordinary mail, by placing the same in a pre-paid envelope under the exclusive care of the United States Post office addressed to:

United States Attorney

Michael C. Colville, Esq

Western District of Pennsylvania

700 Grant Street, Suite 4000

Pittsburgh, Pennsylvania 15219

Dated: January 27, 2006

MARC SHATKIN, ESQ.